UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELANIE COSTA, individually, and as personal representative for the Estate of ANTHONY COSTA, JR., <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, et al., <br><br> Defendant. | Civil Action No. 23-11594-DJC |

ORDER ON MOTION TO COMPEL PLAINTIFF'S
PRODUCTION OF REDACTED DOCUMENTS
[Docket No. 119]

April 17, 2025

Boal, M.J.

    Defendants Hartford Accident and Indemnity Company and Hartford Casualty Insurance Company move to compel Plaintiff Melanie Costa to produce unredacted documents and to revise her redaction log to include any unlogged documents and fix any incorrect bates ranges. Docket No. 119 at 1. Defendant Zurich American Insurance Company joined the motion. Docket No. 122. For the following reasons, I grant the motion.

    Generally, redaction of otherwise responsive documents should be limited to privileged information. See, e.g., Sexual Minorities of Uganda v. Lively, No. 3:12-30051-MAP, 2015 WL 4750931, at *4 (D. Mass. Aug. 10, 2015). Costa has not argued that a privilege exists nor otherwise adequately shown why this Court should grant a deviation from the general rule against redactions in otherwise responsive documents. Rather, Costa argues that she has only

redacted PII, which she defines by giving examples such as social security numbers and addresses. Yet, the insurance companies already have this information and there is a protective order in this case. See Docket No. 118. In addition, Costa argued that the insurance companies already had much of the information from Travelers. Therefore, there is no basis for these redactions either.

Moreover, the underlying documents, consisting of the decedent's tax and expense information, and potential settlement amounts discussed in communications with the decedent's worker's compensation insurer, are relevant to the claims pursuant to M.G.L. c.93A and 176D that put the reasonableness of Defendants' settlement practices at issue. See Calandro v. Sedgwick Claims Mgmt. Serv., 919 F.3d 26, 34 (1st Cir. 2019) ("The duty to settle arises only when liability and damages for the underlying claim have become reasonably clear."); Fed. Ins. Co. v. HPSC, Inc., 480 F.3d 26, 36 (1st Cir. 2007) ("The determination as to when liability is reasonably clear depends on when a reasonable person, with knowledge of the relevant facts and law, would probably have concluded, for good reason, that the insurer was liable to the plaintiff.") (quotations omitted). In addition, Costa does not offer any serious opposition to Defendants' request to revise the redaction log, and the time for doing so has passed. Accordingly, Costa must produce the outstanding redacted documents and a revised redaction log that includes any unlogged documents and fixes for any incorrect bates ranges within two weeks of this order. This order does not include Mr. Fabbo's information, which Defendants represented that they are not seeking.

**So Ordered**.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE